# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00016-COA

JAMES DYER                                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                            APPELLEE

DATE OF JUDGMENT:            12/03/2020
TRIAL JUDGE:                 HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT,
                             SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
DISTRICT ATTORNEY:           BRENDA FAY MITCHELL
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 05/03/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.

## McCARTY, J., FOR THE COURT:

¶1.     A man was convicted of the sexual battery of a teenaged girl. After thoroughly reviewing the record, we affirm.

## FACTS

¶2.     James Dyer crept into the bedroom of fourteen-year-old Kelly.[1] Dyer was the longtime boyfriend of Kelly's mother Rahsheeda. Rahsheeda had agreed to let Dyer sleep on her couch

---

[1] We will refer to the victim in this case by a pseudonym, as this Court may decline to identify minor children by name.

that night.

¶3. Dyer got there just after midnight. Rahsheeda then sent Kelly and her two sisters to bed. When the entire family was asleep, Dyer walked down the hall to Kelly's room.

¶4. Kelly testified that she was awoken when Dyer climbed into her bed and started touching her. Kelly explicitly said "no" to his attempt to perform oral sex, but Dyer proceeded to do so. He then attempted vaginal sex with Kelly, but she "pushed him off" and "ran in the room with [her] mom."

¶5. At this point, Kelly was too scared to tell her mom, so she texted her aunt and said that Dyer had just raped her and that she would tell her mom the next morning. Her aunt responded that she needed to "tell her now."

¶6. Kelly's mother later recalled rolling over and seeing Kelly standing over her. She "asked her what was wrong," but Kelly "never said anything." Rahsheeda remembered her daughter turning "to walk out the door like a zombie or a spirit or something."

¶7. The aunt immediately called Kelly's mother to tell her what happened. Rahsheeda confronted Dyer about the incident, but he denied doing anything to Kelly. Rahsheeda then called the police.

¶8. Dyer left the house before the police arrived. Once officers spoke to Kelly and her mother about the incident, Dyer became a suspect. After talking with the officers, Kelly's mother took her to the local hospital, where she was examined and a rape kit was performed.

¶9. Dyer was later arrested and indicted on one count of sexual battery. A two-day trial

2

was held in Bolivar County Circuit Court.  The jury heard testimony from Kelly, her mother, the aunt, and the responding officers. Dyer testified in his own defense, denying the allegations that he had behaved inappropriately with Kelly.

¶10.    The jury found Dyer guilty of sexual battery, and the trial court sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections. The court suspended ten years of the sentence and ordered Dyer to be placed on ten years of post-release supervision.

¶11.    Finding no arguable issues for appeal, Dyer's appointed counsel filed a *Lindsey* brief.

## DISCUSSION

¶12.    Our Supreme Court has established a "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Lindsey v. State,* 939 So. 2d 743, 748  (¶18) (Miss. 2005).

¶13.    In such a case, appellate counsel must file a brief in compliance with Mississippi Rule of Appellate Procedure 28(a), and in it confirm the following:

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id*. Next, the attorney must "send a copy of the appellate brief to the defendant, inform the

3

client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id*. Then "the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue." *Johnson v. State*, 307 So. 3d 500, 502 (¶7) (Miss. Ct. App. 2020). "If so, the court will require appellate counsel to submit supplemental briefing on that issue 'regardless of the probability of the defendant's success on appeal.'" *Id*. (quoting *Lindsey*, 939 So. 2d at 748 (¶18)). Finally, "the appellate court must consider the case on its merits and render a decision." *Lindsey*, 939 So. 2d 743 at 748 (¶18).

¶14.   Here, Dyer's appointed counsel complied with the procedure established in *Lindsey*. The attorney noted in his brief that he "diligently and thoroughly scoured the record searching for any arguable issues" but "found none." He specifically listed each of the components he considered as required under *Lindsey*. Counsel also confirmed that he "mailed . . . a copy of the trial court records, a copy of this brief and correspondence informing Dyer that counsel has found no arguable issues in the record and advising him that he has the right to file a pro se brief." Dyer did not file a brief.

¶15.   This Court thoroughly reviewed the record and found no arguable issues that would warrant supplemental briefing.

**CONCLUSION**

¶16.   Our detailed review of the record revealed no arguable issues for appeal. Accordingly, Dyer's conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**